Good morning, your honors. Good morning. The matters before the court regarding the issue, several issues, I think the main one that this court is interested in are whether the some of the respondents convictions qualify as crimes involving moral turpor to CIMTs. Petitioner would argue that his conviction under 245a-1 cannot be a crime of domestic violence because the modified categorical approach cannot be used to add an element missing from the statute of conviction to deprive an individual of the benefit of a negotiated plea. Because it was a wobbler offense, it could be punished both as a felony or a misdemeanor. Here, Mr. Molina was convicted of a misdemeanor 245a. And thus, because it's not a CIMT, he wouldn't claim the petty theft, petty offense exception, and instead he could claim it to the theft offense, which he was arrested for when he was 16 years old. And thus, he would be eligible for cancellation of removal. Are there any questions or should I reserve the time? I have a question if I may. And I'm not sure how it would relate to your case for certain, but there's a case called Grajeda that's a Ninth Circuit case. And another panel is considering whether that case is still good law in light of a Supreme Court case called Sessions v. DiMaia. And so what I wondered was if that other panel decides Grajeda is not good law any longer, would Matter of Woo still be entitled to Chevron deference? Well, Matter of Woo is somewhat faulty. As I noted in the petitioner's supplemental brief, there the board had agreed that it might actually result in an unfair application of the law to give the categorical approach to 245A1 convictions. So I think that, in fact, Matter of Woo did not completely do the job this Court had set for it to do in deciding the question about whether that particular crime has the kind of conduct that would be described as inherently vile or base. Well, do you want us to hold that Woo is wrong? Yes, I do. And that's why I'm sure this Court wanted to hear additional comments about it because, again, it didn't really... Is it enough for us to say that Woo is incorrect or that there's no reasonable basis for finding that the holding is correct? Don't we have a certain amount of deference that we have to give to the BIA in this circumstance? Well, in Woo, the board cited other cases that an aggravating factor in an assault crime is the use of a deadly or dangerous weapon or instrument. However, it recognized that a CIMT needs to have this aggravated factor, and 245A doesn't necessarily encompass that kind of conduct. So I think the Court should not give deference to Woo. You don't think that the use of a deadly weapon is aggravating? I think the use of a deadly weapon could be aggravated, but it would depend on the relationship between the parties involved. If that's the case, then why isn't the BIA's interpretation at least a reasonable one? Because it leaves the door open to an unfair application of that statute to, you know, all convictions under that statute. And what is the situation where it would be unfair? In this situation, the government cannot prove that there's always a domestic relationship involved in a situation where someone is charged with 245A. And in order to disqualify one from cancellation of removal benefits, you have to prove that there is this special relationship, a domestic relationship. So in this set of gaps, this broad application of 245A as a CIMT would be unfair because it's missing that element, the domestic relationship element in the statute. Okay. I'll reserve the rest of the time. Thank you. We'll hear from the government. Good morning, Your Honors, and may it please the Court. Eric McArthur for the Respondent. I will turn momentarily to the question whether Section 245A1 is a categorical crime involving moral turpitude. But before I do that, I do think it is important to emphasize that counsel's presentation to the Court this morning did not mention either of the arguments that were the only two arguments that the Petitioner presented to the BIA and in his opening brief to this Court as to why his two convictions should not be deemed disqualifying crimes involving moral turpitude. The only argument that he made to the BIA and in his opening brief on the petty theft conviction was that that should not qualify as a CIMT because he committed the offense when he was a minor, and that contention is clearly foreclosed both by this Court's binding precedent and by the plain terms of the INA. The only other argument he raised with regard to his assault with a deadly weapon conviction was that that should be treated as a petty offense if you first knock out the petty theft conviction. Once that premise is taken out and you're counting the petty theft conviction, the petty offense exception clearly does not apply because by its terms it extends only to an alien who has one CIMT and the Petitioner has two. And we do think that the Court's merits analysis can and should end there, and that the Court should not proceed to consider the issue that was raised for the first time in Petitioner's supplemental brief, whether California Penal Code Section 245a1 is a categorical crime involving moral turpitude. We believe that issue is forfeited and not properly before the Court. But if the Court does nonetheless proceed to reach the merits of that issue, it should  In assessing whether a particular offense is a categorical CIMT, the BIA considers two essential factors. It considers the reprehensibility of the conduct that's involved and the culpability of the mental state. Here, the BIA reasonably and correctly determined as to the conduct that what Section  245a1 requires both one and intent to commit the sort of offense that is a CIMT, and the BIA found that that was an aggravating factor that heightens the reprehensibility of the conduct and clearly distinguishes this offense from simple assault, which can be committed through a mere offense of touching. Turning then to the mental state, the BIA correctly determined that Section 245a1 requires both one, an intent to commit the sort of act that I just described, and two, knowledge of the facts that would cause an ordinary person to appreciate the risk of that conduct. And the BIA, quoting the California Supreme Court's decision in Williams, specifically said this is not an offense that can be committed through mere negligence or reckless conduct. Judge Gould, addressing your question whether if Grajeda is no longer good law, you should nonetheless defer to the BIA's determination in matter of who, the answer to that question I think is yes, because the BIA relied on Grajeda for the limited proposition that Section 245a1 requires an intentional violent act. And I think that proposition is quite clear from the California Supreme Court's case law alone. I don't think the BIA needed to rely on Grajeda for that proposition. And if I could just elaborate a little bit on this distinction between the intent part of the mens rea here and the knowledge, because I think that's important to recognize that this offense does in fact require two mental states. It requires a mental state with regard to the act itself, and it requires a mental state with regard to the consequences of the act. And the requirement for the act itself is it must be intent. And I believe that is why the California Supreme Court and why the Board, relying on the California Supreme Court, said this is not an offense that can be committed through recklessness or negligence. Second, the knowledge requirement is somewhat similar to a negligence standard, but it is not a pure negligence standard. Again, this was clarified by the California Supreme Court, and the BIA relied on the fact that the court said this is not a negligence standard, because the defendant cannot be convicted based on facts that he did not know, but should have known. And so what I think the Board did here is what it called these building-together of elements. It looked at the aggravated nature of the conduct and the two culpable mental states required, the intent to do the violent act and the knowledge of the facts that an ordinary person would recognize pose a serious risk of death or serious bodily injury to another person. And then finally, the BIA observed that it was aware of no case in which Section 245a1 had been applied to conduct that is non-terpitudinous. And I believe the Supreme Court has made clear that in order for an offense to be deemed not a categorical crime involving moral turpitude, the Petitioner must point to more than simply a theoretical possibility that it could be applied to non-terpitudinous conduct by identifying either the facts of his own case or the facts of other cases in which that statute has been applied to non-terpitudinous conduct. And the Petitioner has not done that here. You can't just dream up a situation. That's correct. What the Supreme Court said is it requires more than an exercise in legal imagination. If there are no further questions. Any further questions? None here. Thanks. Thank you. We request that the petition be denied. Do you wish to add anything? I would just conclude that, again, at the very end of Matter of View, the Board recognized that the mens rea or intent for 245a conviction could be outside the generic federal definition and, therefore, could result in an unfair application. Here, the Court should not look outside the record of conviction. The Petitioner had submitted his conviction documents to find that there was a domestic violence offense and, therefore, it can't be viewed as a crime involving moral turpitude because it is a wobbler offense and he was convicted of the misdemeanor. Any further questions? Thank you. The case just argued is submitted for decision.
judges: Diaz, Schroeder, Gould